No. 20,192.

GERALD OLDLAND, ET AL., *v.* H. G. BERTHELSON, ET AL.

(390 P. [2d] 946)

Decided April 6, 1964.

Mr. ROBERT DELANEY, Mr. KENNETH BALCOMB, for plaintiffs in error.

Messrs. HAYNIE, GOLDEN and MUMBY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as in the trial court. We refer to them as plaintiffs and defendants.

The plaintiffs, claiming ownership of certain lands and 49.5% of Piceance Creek Ditch and the water rights granted to said ditch, commenced this action seeking to quiet title to their lands and their interest in the ditch and water.

The defendants own lands joining the lands of the plaintiffs and located downstream from plaintiffs' lands, a portion of which lands are under the Piceance Creek Ditch and irrigated by the waters decreed to said ditch.

The defendants are the owners of that portion of the Piceance Creek Ditch and the water decreed thereto not owned by plaintiffs.

The defendants, in their answer and counterclaim, assert ownership of 82.3% of the Piceance Creek Ditch and the water granted thereto.

At the time of trial the parties agreed on the ownership of the lands involved and the only question presented to the court was the respective rights of the parties to the Piceance Ditch and the water decreed thereto.

Piceance Creek Ditch was awarded Priority No. 45 as of July 12, 1886, for 2.00 cubic feet of water per second of time, and Priority No. 467-Z9 as of date May 1, 1917, for 1.60 cubic feet of water per second of time.

The parties agreed that the plaintiffs and their predecessors in title have at all times used water from the Piceance Creek Ditch to irrigate three small tracts of

their lands containing 2.08 acres, 17.4 acres and 8.4 acres, a total of 27.88 acres.

The plaintiffs recognize the defendants' part ownership of the ditch and their right to use water from the ditch to irrigate three tracts of their lands containing .51 acre, 21.0 acres and 7.57 acres respectively, a total of 29.08 acres, but contend that these three tracts are all the land that defendants have irrigated or are entitled to irrigate from the Piceance Creek Ditch. The plaintiffs urge that the ditch and water rights should be divided on the basis of irrigated acreage as above set forth, and that if such procedure were followed the plaintiffs would own 48.9% and the defendants the remaining 51.1% of said ditch and water.

The defendants contend that, in addition to the three tracts above mentioned, they own two other tracts of irrigated lands which they and their predecessors in title have always irrigated with waters from the Piceance Creek Ditch. These tracts, consisting of 7.4 acres and 38.9 acres respectively, are adjacent to each other and adjacent to the above mentioned 21-acre tract.

The plaintiffs contend that these two tracts have not been irrigated by waters from the Piceance Creek Ditch, that there are no present means or facilities for applying Piceance Creek Ditch water to said lands, and that said lands, if irrigated, are irrigated by waters of the B. & M. Ditch, which has a priority junior to that of the Piceance Creek Ditch. This the defendants denied. The defendants admitted that at times they used the B. & M. Ditch to carry waste water from fields irrigated with Piceance Creek Ditch waters and to again utilize it on the two tracts in question. They also admitted that at times of heavy run-off, there was much more water in Piceance Creek than was necessary to satisfy the appropriations, and often at such times more water was diverted through the B. & M. headgate than could be utilized by the owners of that ditch, and that with the consent of said owners and sanction of the water commissioner, and

without harm to or objection from anyone, they applied portions of such excess waters to the two tracts in question. They neither owned nor claimed any rights in the B. & M. Ditch or the waters decreed thereto, and never used any of the B. & M. Ditch decreed rights.

Defendants' evidence was to the effect that the two tracts of land in question had at all times been irrigated by waters awarded to the Piceance Creek Ditch — there was overwhelming evidence of this fact and no positive statement of anyone to the contrary, though the plaintiffs expressed their doubts that it had been or could be done.

According to testimony of the defendants and their witnesses and some of plaintiffs' witnesses, there are 103.26 acres of land irrigated by waters decreed to the Piceance Creek Ditch. The original appropriation provided for 2 cubic feet of water per second of time and the duty of water was determined to be 1 cubic foot of water per second of time for fifty acres. Thus it is apparent that the decree for 2 cubic feet was designed to irrigate the approximate acreage that has been irrigated for years, and that includes the 7.4 acre and 38.9 acre tracts in dispute.

If we were to adopt plaintiffs' contention that only their 27.88 acres and 29.08 acres of defendants' lands were irrigated from the Piceance Creek Ditch and the water decreed thereto, then we would have 2.00 cubic feet of water, determined by the court adequate to irrigate 100 acres, appropriated and decreed for the purpose of irrigating only 56.96 acres. It is fair to assume that the court, in adjudicating the water, awarded only such amount as was necessary to irrigate the land available for such purpose and to which the water had been applied.

The trial court found:

"2. That the plaintiffs and defendants use the Piceance Creek Ditch in common; that the plaintiffs are the owners of 27.88 acres of land that are irrigated by

the water flowing through Piceance Creek Ditch being Ditch No. 41 in the Decree of this Court for Water District No. 43, and the defendants are the owners of 75.38 acres of land irrigated by the water flowing through Piceance Creek Ditch; that the plaintiffs are entitled to 27% of the use of said Piceance Creek Ditch and its water priorities; that the defendants are entitled to 73% of the use of said Piceance Creek Ditch and its water priorities."

Judgment was entered quieting title in plaintiffs to 27% of the Piceance Creek Ditch and the priorities awarded thereto, and quieting title in the defendants to 73% of said ditch and water.

The court's findings and decree are well supported by all of the evidence.

The judgment is therefore affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.